Submitted on record and briefs November 7, 1984, affirmed in part and reversed and remanded for reconsideration February 6, 1985

WATTS et al,
*Petitioners,*

*v.*

R.E. STEVENS CONSTRUCTION,
INC. et al,
*Respondents.*

(34706-101, 34706-102; CA A29753 (Control), A31473)
(Cases Consolidated)

695 P2d 63

James W. Watts and Ilene L. Watts, filed the briefs *pro se* for petitioners.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, Robert M. Atkinson, Assistant Attorney General, and Jeff Merrick, Assistant Attorney General, Salem, filed the briefs for respondent Builders Board.

No appearance for respondent R.E. Stevens Construction, Inc.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioners filed two claims with the Builders Board arising from the alleged defective construction of their residence. They seek review of the Board's dismissal of their claims; the two cases are consolidated on appeal.

■ In CA A31473, petitioners seek review of an order dismissing their claim as untimely filed. OAR 812-04-010, in effect at the time the claim was filed, required claims to be received by the Board within one year from the date on which the structure was first occupied.[1] The Board received the claim on April 12, 1983, and found that the house was occupied before April 12, 1982. Petitioners claim that the Board's finding is not supported by substantial evidence. We disagree and affirm the Board's disposition.

The house passed final inspection on April 2, 1982. In evidence was a statement by a Tillamook County building inspector, who inspected the house on April 4, 1982, that the house was occupied by Mr. and Mrs. Watts on that date; she observed a "bed, bathroom linens, soap, dishes, etc." in the home. Petitioners produced evidence that furniture was delivered and cable TV and telephone service were installed on or after April 12, 1982. Petitioners also testified that they moved in on April 12, 1982.

The delivery of furniture and the hookup of services are not inconsistent with petitioners' earlier occupancy of the house. The building inspector's testimony provides substantial evidence to support the Board's conclusion that the house was occupied before April 12, 1982. None of petitioners' other assignments of error in CA A31473 merit discussion.

■ In CA A29753, petitioners contend that the Board's conclusion that respondent Stevens, the builder, performed the work in a proper and satisfactory manner is not supported by substantial evidence. We agree and remand for reconsideration.

Petitioners contracted with the builder for the construction of a single-family residence. They directed the work and one of them, Mr. Watts, also performed some work on the

---

[1] This requirement is now codified at ORS 701.145(3)(a).

house. The subject of this claim is bulging and warping of the vinyl floorcovering and particleboard underlayment. Petitioners contend that the cause of the problem is the builder's failure to follow the manufacturer's instructions in installing the particleboard. Respondents argue that Mr. Watts' conduct in installing a visqueen vapor barrier under the subfloor, in spite of the builder's warnings, caused the problem.

There is substantial evidence that Mr. Watts' installation of the visqueen contributed to the particleboard's retention of moisture and that the moisture was a cause of the problem. There is also substantial evidence that the builder improperly installed the particleboard over the subfloor. The building code in effect at the time of construction required particleboard underlayment to be installed in accordance with the manufacturer's recommendations. The manufacturer's instructions called for a 3/8-inch perimeter clearance at all wall plates; there is uncontradicted evidence that that was not done. There also is evidence that, had the builder followed that instruction, the damage probably would have been less extensive.

The Board did not find as a fact that the builder's failure to follow the manufacturer's recommendations did not contribute to the problem. It did find that the builder's work conformed to practices of the industry; however, that is irrelevant if the builder violated the building code. In the absence of a finding that the builder's failure to follow the manufacturer's instructions did not contribute to the problem, the ultimate finding that the builder performed in a satisfactory manner is not supported by substantial evidence.

CA A31473 affirmed; CA A29753 reversed and remanded for reconsideration.